IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

**WENDELL A. JOHNSON,**

   **Petitioner,**

v.               Civil Action No. 5:18cv5
                  (Judge Stamp)

**JENNIFER SAAD, Warden,**

   **Respondent.**

## REPORT AND RECOMMENDATION

### I. Introduction

On January 12, 2018, the *pro se* Petitioner, Wendell A. Johnson, an inmate then incarcerated at FCI Gilmer in Glenville, West Virginia, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his sentence. The Petitioner has satisfied the filing fee. ECF No. 9.

The matter is assigned to the Honorable Frederick P. Stamp, United States District Judge, and is referred to the undersigned United States Magistrate Judge for initial screening and to make proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### II. Factual and Procedural History[1]

---

[1] The facts are taken from the Petitioner's criminal Case No. 7:04cr128 in the United States District Court for the Western District of Virginia, available on PACER. Unless otherwise noted, the ECF entries in this section refer to that criminal case. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record"); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records.'").

### A. Conviction and Sentence

On February 3, 2005, a grand jury in the United States District Court for the Western District of Virginia returned a ten-count superseding indictment against the Petitioner and three other defendants. ECF No. 58. On April 22, 2005, pursuant to a plea agreement [ECF No. 111], the Petitioner pleaded guilty to three counts of that indictment: Count One, which charged him with conspiracy to distribute fifty grams or more of cocaine base and five kilograms or more of cocaine in violation of 21 U.S.C. § 846; Count Seven, which charged him with distribution of cocaine in violation of 21 U.S.C. § 841(a)(1); and Count Eight which charged him with possession with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 841(a)(1). ECF No. 110.

The Petitioner acknowledged in the plea agreement in a paragraph captioned "Career Offender Status" that he understood that he might be a career offender pursuant to United States Sentencing Guidelines §4B1.1 and that the court would make that determination at the time of his sentencing. ECF No. 111 at p. 3, ¶ 7. In the paragraph that followed, captioned "Enhancement Due to Prior Drug Trafficking Conviction," the Petitioner acknowledged and stipulated that he was "subject to increased penalties for the offense[s] to which [he was] pleading guilty because of [his] prior felony drug trafficking conviction," and he expressly waived "any objection" he might have "to the form or substance of the information prepared and filed" by the government pursuant to 21 U.S.C. § 851 "prior to [his] plea of guilty." Id. at ¶ 8. In addition, the Petitioner acknowledged his understanding that the government would not seek any "additional sentencing enhancements" pursuant to the sentencing guidelines.

Id. at ¶ 9. The agreement further provided that the government would recommend the "low end of the guidelines range or 240 months, whichever is greater" [Id. at ¶ 11); and that the court was "not bound by any recommendations or stipulations contained in [the agreement]" and could sentence the Petitioner "up to the maximum provided by law." [Id. at ¶ 25.

On April 22, 2005, the court conducted a plea colloquy and accepted the Petitioner's plea to Counts One, Seven and Eight. The court apprised the Petitioner that his statutory imprisonment range was 20 years to life for Count One, 30 years for Count Seven, and 20 years to life for Count Eight. However, neither the parties nor the court recognized that the United States had failed to file the § 851 information referenced and contemplated in the plea agreement before the plea. After the Petitioner's plea, the United States filed its information detailing a single drug trafficking felony. ECF No. 128. In fact, the Petitioner had two previous drug trafficking felonies. ECF No. 208 at p.3. However, because the government had failed to file its § 851 information before the Petitioner pleaded guilty, he was not subject to the statutory enhancements contemplated by the plea agreement. Therefore, while the Petitioner would have been subject to mandatory life sentences as to Counts One and Eight, the statutory imprisonment range was 10 years to life for Count One, up to 20 years for Count Seven, and 10 years to life for Count Eight.

A sentencing hearing was conducted on November 7, 2005. ECF No. 153. According to the presentence report, the Petitioner was a career offender under United States Sentencing Guideline § 4B1.1(b). This produced an offense level of 37. Applying a reduction for acceptance of responsibility resulted in a total offense level of 34 and a

criminal history Category VI, which produced a guideline range of 262 to 327 months. The government's counsel recommended that the court sentence the Petitioner to 262 months, the bottom end of the guideline range. The court noted the Petitioner's extensive criminal history and conduct and sentenced him to 300 months on each of Counts One and Eight and a term of 240 months on Count Seven, all to be served concurrently, for a total sentence of 300 months, to be followed by five years of supervised release on each count with such terms to run concurrently. In addition, the Petitioner was ordered to pay a special assessment of $300.  Finally, the Petitioner was ordered to forfeit a 1996 Buick Riviera and a Smith and Wesson .38 caliber revolver. Judgment was entered on November 10, 2005. ECF No. 154.

On December 16, 2016, the Petitioner, by counsel, filed a Motion to Amend/Correct Judgment to reflect that the narcotic involved in the offense was cocaine powder, not cocaine base. ECF No. 160. On February 2, 2007, the district court entered a Memorandum Opinion and Order and an Amended Judgment, in which it granted the motion in part, and denied it in part. Specifically, the district court found that the judgment order's description of Count Seven should be changed to reflect that the offense was distribution of cocaine, not cocaine base. However, the district court found that because the Petitioner had pleaded guilty to a conspiracy that had two objectives (cocaine and cocaine base distribution), Counts One and Eight were accurately described, even though the Petitioner was held accountable only for cocaine powder at sentencing. ECF No. 174. The Amended Judgment was entered that same date. ECF No. 175.

According to the BOP's website, the Petitioner's projected release date, via good conduct time is July 1, 2026. See bop.gov.

**B. Appeal**

The Petitioner filed a timely Notice of Appeal from the amended judgment of conviction, and his counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there were no meritorious grounds for appeal, but questioning whether the district court committed reversible error in failing to *sua sponte* order a second hearing[2], as to whether the Petitioner voluntarily and knowingly pleaded guilty. The Fourth Circuit found that the Petitioner did not present a fair and just reason to support his claim that a second evidentiary hearing was necessitated, nor was he entitled to a hearing as a matter of right. In addition, the Court found there were no meritorious issues not covered by the waiver. Accordingly, on December 11, 2007, the Court affirmed the Petitioner's conviction and dismissed any appeal of his sentence. ECF No. 188.

**C. Motions to Vacate**

On March 6, 2009, the Petitioner filed a *pro se* Motion to Vacate pursuant to 28 U.S.C. § 2255. ECF No. 197. As grounds for relief, the Petitioner alleged that he was provided ineffective assistance of counsel. More specifically, he alleged that counsel was ineffective for failing to object to the Government's breach of the plea agreement and for failing to object to the district court's violation of Rule 11(c)(1). On August 11, 2009, the district court denied the Petitioner's motion. ECF No. 208.  The Petitioner filed

---

[2] The petitioner contended this hearing should have been conducted prior to the district court's entry of its Amended Order correcting the clerical error.

an appeal on August 26, 2009. ECF No. 210. On December 21, 2009, the Fourth Circuit denied him a certificate of appealability. ECF No. 213.

On October 29, 2015, the Petitioner filed a second Motion to Vacate Pursuant to 28 U.S.C. § 2255, again alleging ineffective assistance of counsel. ECF No. 233. Specifically, he alleged that trial counsel was ineffective by failing to raise the argument that his guilty plea was insufficient because he failed to plead to every element of the offense, and the trial judge abused his discretion by exceeding the maximum sentence that he could receive. On November 2, 2015, the district judge dismissed the motion without prejudice as successive. ECF No. 234.  On November 13, 2015, the Fourth Circuit denied the Petitioner's motion for an order authorizing the district court to consider a second or successive application for relief under 28 U.S.C. § 2255.  ECF No. 237.

On January 11, 2016, the Petitioner filed a Motion for Relief Pursuant to Fed. R. Civ. P. 60(b)(6). ECF No. 238. On January 19, 2016, the district court construed the same as a Motion to Vacate pursuant to 28 U.S.C. § 2255 and dismissed it without prejudice as a successive. ECF No. 241. The Petitioner filed an appeal, and on June 28, 2016, the Fourth Circuit affirmed the district court's disposition. ECF No. 45.

### D.   Instant § 2241 Petition

The Petitioner indicates that he is challenging the legality of his detention by the Bureau of Prisons ("BOP"). The Petitioner alleges that due to his career offender status, the BOP is miscalculating his sentence. However, the Petitioner maintains that he is actually innocent of being a career offender. In making this argument, the Petitioner

relies on the decision in Descamps v. United States[3], 133 S.Ct. 2276 ( 2013) and Mathis v. United States[4], 136 S.Ct. 2243 (2016), and contends his prior Virginia state convictions for drug offenses do not qualify as predicate offenses. Therefore, the Petitioner alleges that the BOP is miscalculating his sentence and his release date. The Petitioner also alleges that the miscalculations by the BOP are affecting the conditions of his confinement by virtue of his classification, points, housing and programs. For relief, the Petitioner requests that this court enter an order directing the BOP "to correct [his] institutional file, reflecting that in in light of the intervening change of law under Mathis and Descamps, the BOP can no longer apply [his] prior convictions to [his] classification, within the BOP, or use the prior(s) to determine the conditions of [his] confinement, or [his] criminal history points." ECF No. 1-2 at p. 1.

### III. Legal Standard

#### A.   Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening the Petitioner's case to determine if "it plainly appears from the

---

[3] In Descamps, the Supreme Court held that to determine whether a past conviction is a violent felony within the meaning of the ACCA, courts should use the categorical approach if the state statute is indivisible. However if the statute is divisible, or defines multiple offenses, and at least one of the offenses included on the statute is not a violent felony, courts should apply a modified categorical approach.

[4] In Mathis, the Supreme Court clarified the proper application of the categorical and modified categorical approach used in determining whether prior crimes can be considered as predicate offenses for sentencing enhancements under the ACCA, 18 U.S.C. § 934(e), and found that Iowa's burglary statute encompassed conduct broader than that encompassed by federal generic burglary as defined in Taylor v. United States, 495 U.S. 575, 598 (1990) and, thus, did not qualify as a crime of violence under the ACCA.

petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B. Pro Se Litigants.

As a pro se litigant, the Petitioner's pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, Petitioner clearly is not entitled to relief under 28 U.S.C. 2241, and this matter is due to be dismissed.

### C. Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by prison officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated." Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of a limitation bar,[5] the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal.  In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

When contesting a conviction, a petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective, and the standard is an exacting one.  In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;

---

[5] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

a. The date on which the judgment of conviction becomes final;
b. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
c. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
d. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and**
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

However, "[t]he text of the savings clause does not limit its scope to testing the legality of the underlying criminal conviction." United States v. Wheeler, 886 F.3d 415, (4th Cir. 2018), *reh'g en banc denied* June 11, 2018 (quoting Brown v. Caraway, 719 F.3d 583, 588 (7th Cir. 2013)).  In Wheeler, the Fourth Circuit concluded that § 2255(e) provides "an avenue for prisoners to test the legality of their sentences pursuant to § 2241, and Jones is applicable to fundamental sentencing errors, as well as undermined convictions."  Id. at 428.  When contesting a sentence through a petition filed under § 2241, a petitioner still must meet the savings clause of § 2255.  In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a sentence only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; **and** (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

10

Wheeler, supra, at 429 (emphasis added).  The Fourth Circuit further specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler.  Id.

### IV. Analysis

First, the undersigned notes that the BOP is bound by the sentence imposed by the Western District of Virginia. Therefore, unless the Petitioner's sentence is overturned, the BOP cannot change his release date or his classification points. Therefore, although the Petitioner has couched this § 2241 petition as a challenge to actions by the BOP, the undersigned has reviewed it as a challenge to the sentence imposed, including the career offender enhancement.

The Petitioner alleges that his remedy by way of Section 2255 is inadequate and effective, thereby alluding to the savings clause. However, it is clear that he is not entitled to its application.  Because the Petitioner is not challenging his conviction the Jones test does not apply. Instead, the Court must review the petition under the Wheeler four prong savings clause test for erroneous sentences.  Even assuming that the Petitioner could satisfy the first and third prongs of Wheeler, he has not established that, subsequent to his first § 2255 motion, the "settled substantive law [that established the legality of his sentence] changed and was deemed to apply retroactively on collateral review," as required by the second prong.

Liberally construed, the Petitioner appears to assert that, pursuant to Mathis and Descamps, there has been an intervening change in substantive law that retroactively affects his case. Contrary to the Petitioner's argument, district courts in this Circuit and

elsewhere have held that Mathis does not represent a substantive change in the law. See, e.g., Stewart v. United States, No. CR ELH-17-1408, 2017 WL 2361809, at *5 (D.Md. May 31, 2017) (recognizing that Mathis did not announce a new substantive rule applicable to cases on collateral review); Dimott v. United States, Nos. 2:06-cr-26-GZS, 2:16-cv-347-GZS, 2016 WL 6068115, at *3 (D. Maine Oct. 14, 2016) ("The Supreme Court made clear that it was not breaking new ground in Mathis . . . ."); Blackwell v. United States, Case No. 4:10-cr-00012, 2016 WL 5849384, at *5 (W.D. Va. Oct. 6, 2016) ("By the Court's own admission, Mathis does not set a new rule.").

Rather than changing settled substantive law in Mathis, the Supreme Court reaffirmed precedent in existence well before the Petitioner's conviction, sentence and § 2255 motion:

> For more than 25 years, we have repeatedly made clear that application of ACCA involves, and involves only, comparing elements. . . . And that rule does not change when the statute happens to list possible alternative means of commission: Whether or not made explicit, they remain what they ever were-just the facts, which ACCA (so we have held, over and over) does not care about.

136 S.Ct. at 2557. Put simply, Mathis sets forth a "procedural rule that has not been made retroactive on collateral review." Fisher v. Rickard, No. 1:17-CV-03730, 2018 WL1405324, at *4 (S.D. W. Va. Feb. 16, 2018), report and recommendation adopted, No. CV 1:17-03730, 2018 WL 1404279 (S.D.W. Va. Mar. 20, 2018). See also Walker v. Kassell, 726 Fed.Appx. 191, 2018 WL 2979571 (4th Cir. June 13, 2018) (Mathis has not been held retroactive applicable on collateral review, so Walker cannot proceed under §2241).

Likewise, Descamps does not apply retroactively in this Circuit. See, e.g., Stewart v. United States, No. Elh-17-1408. 2017 WL 2361809, at *5 (D.Md. May 31,

2017) (§ 2255 case collecting cases holding that neither Descamps nor Mathis is retroactive). Therefore, the Petitioner cannot meet the second prong of Wheeler. Because the Petitioner attacks the validity of his sentence, but fails to establish that he meets all four prongs of the Wheeler savings clause test for erroneous sentences, the Petitioner cannot demonstrate that § 2255 is an inadequate or ineffective remedy and has improperly filed his petition under § 2241 with respect to his sentence.

In summary, the Petitioner has failed to meet the second prong of the Wheeler test, and his claims may not be considered under § 2241.  Accordingly, this Court is without jurisdiction to consider the petition.  When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause."  Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## VI. Recommendation

For the foregoing reasons, the undersigned recommends that this matter be **DENIED** and **DISMISSED without prejudice.**

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985);

<u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

    This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

    The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

    DATED: September 18, 2018

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE