IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WENDELL A. JOHNSON,

   Petitioner,

v.             Civil Action No. 5:18CV5
                 (STAMP)
JENNIFER SAAD, Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE
AND OVERRULING PETITIONER'S OBJECTIONS**

## I. Procedural History

The pro se[1] petitioner, Wendell A. Johnson ("Johnson"), an inmate formerly incarcerated at FCI Gilmer in Glenville, West Virginia,[2] filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 ("§ 2241") challenging the validity of his sentence. The petitioner indicated that he is challenging the legality of his detention by the Federal Bureau of Prisons ("BOP") alleging that the BOP miscalculated his sentence. Petitioner contends that he is actually innocent of being a career offender and also alleges that the miscalculations by the BOP are affecting the conditions of his confinement by virtue of his classification, points, housing, and

---

[1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

[2]Petitioner filed a change of address notice to indicate that he is now at FCI Yazoo City Low in Yazoo City, Mississippi. ECF No. 13.

programs.  For relief, petitioner requests that this Court enter an order directing the BOP to correct his institutional file, reflecting that in light of the intervening change of law under Mathis[3] and Descamps[4], the BOP can no longer apply his prior convictions to his classification within the BOP, or use the prior convictions to determine the conditions of his confinement, or his criminal history points.  ECF No. 1-2 at 1.

The action was referred to United States Magistrate Judge James E. Seibert for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2.  The action was then reassigned to United States Magistrate Judge James P. Mazzone.  The magistrate judge filed a report and recommendation recommending that petition be denied and dismissed without prejudice.  ECF No. 21.  The magistrate judge informed the parties that if they objected to any portion of the report and recommendation, they were required to file written objections within 14 days after being served with copies of the report. Following this Court's orders granting the petitioner's motions requesting an extension of time (ECF Nos. 24, 27), the petitioner filed objections.  ECF No. 29.

---

[3] Mathis v. United States, 136 S. Ct. 2243 (2016).

[4] Descamps v. United States, 133 S. Ct. 2276 (2013).

For the reasons that follow, this Court finds that the report and recommendation of the magistrate judge should be adopted in its entirety.

## II.  Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which an objection is timely made.  Because the petitioner filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo as to those findings to which the petitioner objected.  As to those findings to which objections were not filed, all findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A).  Because the petitioner filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo.

## III.  Discussion

On de novo review, this Court finds that the magistrate judge properly concluded that the BOP is bound by the sentence imposed by the Western District of Virginia, and that the BOP cannot change petitioner's release date or classification points unless the sentence is overturned.  Further, the magistrate judge properly reviewed the petition as a challenge to the sentence imposed although it is framed as a challenge to action by the BOP.

Upon review, this Court finds that petitioner's § 2241 petition does not seek relief under any permissible ground as his claims do not relate to the execution or calculation of his sentence by the Federal Bureau of Prisons ("BOP"). Instead, petitioner's claims attack the validity of his sentence, imposed by the Western District of Virginia, and such claims are properly contested either on direct appeal or in a § 2255 proceeding and, thus, the instant petition is an attempt to obtain relief under § 2255, and should be treated accordingly.

In his recommendation, the magistrate judge properly recommended that the petitioner's § 2241 petition be dismissed without prejudice after finding that the petitioner's claim is not properly brought under § 2241. The magistrate judge correctly found that because the petitioner is challenging the validity of his sentence, not his conviction, the Court must apply <u>United States v. Wheeler</u>, 886 F.3d 415 (4th Cir. 2018), to determine whether § 2255 is inadequate or ineffective. Here, the magistrate judge found that the petitioner cannot meet the second prong of the <u>Wheeler</u> test, stating that even assuming that the petitioner could satisfy the first and third prongs of <u>Wheeler</u>, he has not established that, subsequent to his first § 2255 motion, the "settled substantive law [that established the legality of his sentence] changed and was deemed to apply retroactively on collateral review," as required by the second prong. ECF No. 21

4

at 11. In the report and recommendation, the magistrate judge also noted that petitioner's reliance on Mathis and Descamps is misplaced, as they do not apply retroactively in this Circuit. Id. at 12. Additionally, the magistrate judge noted in his report and recommendation that petitioner cannot demonstrate that § 2255 is an inadequate or ineffective remedy and has improperly filed his petition under § 2241 with respect to his sentence. Id. at 13. Upon de novo review of the petitioner's argument and the report and recommendation, this Court agrees.

In petitioner's "Response/Traverse Motion to Magistrate's Report and Recommendation," which this Court construes as objections to the magistrate judge's report and recommendation (ECF No. 29), the petitioner does not assert specific objections to the magistrate judge's report and recommendation but, rather, attempts to reassert his prior arguments in support of his petition which the magistrate judge directly addressed. Petitioner generally recites arguments related to the elements of the statue under which petitioner was convicted and asserts arguments regarding "Shepard documents." ECF No. 29 at 2-4, 11-12. However, these arguments do not specifically address the magistrate judge's report and recommendation. Upon review, to the extent the petitioner asserts a more specific objection to the analysis of the magistrate judge's report and recommendation, it appears that the petitioner merely continues to assert his previous arguments under Mathis and

_Descamps_ in support of his contention that the sentencing court erred in determining that petitioner was a career offender. ECF No. 29 at 4, 6, 8-11. Petitioner states: "Petitioner raised both _Mathis_ and _Descamps_ as recently retro-actively applicable decisions as interpreting case law that narrowed the reach of a Federal Career Offender Statute/Provision, which [defines] a criminal statute that Petitioner was wrongfully and unconstitutionally enhanced under, violating Petitioner's due process." ECF No. 29 at 6. However, on _de novo_ review, and for the same reasons stated by the magistrate judge in his report and recommendation, petitioner's argument is misplaced and _Mathis_ and _Descamps_ do not afford petitioner relief. Further, the petitioner specifically states that he "disagrees" with the magistrate judge's report and recommendation to the extent it states that petitioner lacks subject matter jurisdiction. ECF No. 29 at 6. For the remainder of his objections, the petitioner asserts argument related to the analysis required to determine predicate offenses for a career offender enhancement. Ultimately, petitioner contends that this Court should grant relief by "vacating his sentence and by remanding back to the original sentencing court." ECF No. 29 at 12.

Upon _de novo_ review, this Court finds that although petitioner asserts that he is entitled to relief under the savings clause, it is clear that he is not. Because petitioner is not challenging his

conviction, the test under In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000), does not apply and, instead, this Court must review the petition under the four prong savings clause test under United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018), for erroneous sentences. This Court finds that the magistrate judge properly analyzed the petitioner's petition accordingly.

In Wheeler, the United States Court of Appeals for the Fourth Circuit concluded that § 2255(e) provides "an avenue for prisoners to test the legality of their sentences pursuant to § 2241, and Jones is applicable to fundamental sentencing errors, as well as undermined convictions." Id. at 428. When contesting a sentence through a petition filed under § 2241, a petitioner still must meet the savings clause of § 2255. In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a sentence only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, supra, at 429.

The Fourth Circuit further specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in <u>Wheeler</u>. <u>Id.</u>

This Court finds that the petitioner cannot meet the second prong of the <u>Wheeler</u>, because any change to the settled law which established the legality of his sentence has not been deemed to apply retroactively to cases on collateral review. As the magistrate judge correctly noted, because petitioner cannot satisfy the second prong of the four-part test set forth in <u>Wheeler</u>, this Court is without jurisdiction to consider the petition. Because the petitioner attacks the validity of his sentence, but fails to establish that he meets all four prongs of the <u>Wheeler</u> savings clause test for erroneous sentences, the petitioner cannot demonstrate that § 2255 is an inadequate or ineffective remedy and has improperly filed his petition under § 2241 with respect to his sentence. This Court finds because petitioner fails to meet the second prong of the <u>Wheeler</u> test, his claims may not be considered under § 2241, and this Court is without jurisdiction to consider the petition. As to petitioner's remaining objections, this Court finds that petitioner fails to make specific objections to the report and recommendation, and that this Court has conducted an appropriate <u>de novo</u> review. Thus, this Court upholds the

magistrate judge's recommendation and overrules the petitioner's objections.

## IV.  Conclusion

For the reasons discussed above, the report and recommendation of the magistrate judge (ECF No. 21) is hereby AFFIRMED and ADOPTED in its entirety.  Accordingly, petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1) is DENIED, and the petitioner's objections (ECF No. 29) are OVERRULED.

It is further ORDERED that this case be DISMISSED WITHOUT PREJUDICE and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the pro se petitioner by certified mail.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    March 18, 2019

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE